<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FREDERICK BENZINGER,　　　　　　　:
　　　　　　　　　　　　　　　　　　　:　　**Hon. Joseph A. Greenaway, Jr.**
　　　　　　　　　　Plaintiff,　　　　　:
　　　　　　　　　　　　　　　　　　　:　　Civil Action No. 07-0372 (JAG)
　　　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
PASSAIC COUNTY JAIL,　　　　　　　　:　　**O P I N I O N**
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendant.　　　　 :
　　　　　　　　　　　　　　　　　　　:

**APPEARANCES:**

　　　　FREDERICK BENZINGER, Plaintiff <u>Pro</u> <u>Se</u>
　　　　136 A Tierney Drive
　　　　Cedar Grove, New Jersey  07009

**<u>GREENAWAY, JR.</u>**, District Judge

　　　　Plaintiff Frederick Benzinger seeks to file a Complaint asserting violation of his constitutional rights against the Passaic County Jail, pursuant to 42 U.S.C. § 1983, arising from his detention at the jail in Paterson, New Jersey.  Having thoroughly reviewed Plaintiff's allegations and his application to proceed <u>in forma pauperis</u>, the Court will grant <u>in forma pauperis</u> status, pursuant to 28 U.S.C. § 1915, and dismiss the Complaint, without prejudice to the filing of an amended complaint.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**I.  BACKGROUND**

　　　　Plaintiff sues the Passaic County Jail for damages based on the following facts, which this Court is required to regard as true for the purposes of this review.  Plaintiff asserts that he was incarcerated at the Passaic County Jail from August 27, 2006 through December 10, 2006, "for breaking a restraining order."  (Compl. attachm.)  Plaintiff alleges that when he arrived at

the jail, guards sent him to the basement where he slept on the floor.  He states that he was not given soap or a towel until the third day.  He asserts that on the third day he was at the jail, as a joke, officers shut off the phones used by inmates to make outgoing calls.

Plaintiff alleges that on his fourth day at the jail, guards placed him in a cell with three other inmates, but the cell only had three bunk beds.  He asserts that he slipped as he was getting down from the top bunk, twisting his right knee and left hand.  Plaintiff further complains that the cells were dirty, there was no sprinkler system in the event of a fire, and the guards brought in the dogs during each roll call.  Plaintiff asserts that in September 2006 he developed gout in his ankles, left wrist and right knee as a result of the high sodium content of the diet served at the jail, but he received no medical treatment.  In addition, he asserts that the sewer pipes backed up one day, sewerage flooded the floor in the kitchen where he worked, and he slipped on the wet floor and chipped his knee.  Plaintiff seeks damages for violation of his constitutional rights.

## II.  LEGAL STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __ U.S. __, __, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal constitutional rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

Plaintiff seeks damages from the Passaic County Jail on the ground that the overcrowded and unsanitary conditions of confinement at the jail violated his constitutional rights.  To be sure,

the Due Process Clause of the Fourteenth Amendment prohibits punishment of a detainee prior to an adjudication of guilt in accordance with due process of law.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979).[1]  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  Id. at 540.  "In assessing whether the conditions are reasonably related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."  Hubbard v. Taylor, 399 F.3d 150, 159 (3d Cir. 2005) (quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)).

Although the conditions outlined in Plaintiff's Complaint may be excessive in relation to the purposes assigned to them, the Complaint must nevertheless be dismissed.  The only Defendant is the Passaic County Jail, but a jail is not an entity subject to suit for violation of constitutional rights under 42 U.S.C. § 1983, pursuant to Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 688-90 (1978).  See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).   Even if this Court were to construe the Complaint as naming the County of

---

[1] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."  Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)); see also  City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

Passaic as a defendant,[2] dismissal of the Complaint would be warranted. A local government entity "cannot be held liable solely because it employs a tortfeasor." Monell, 436 U.S. at 691. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). A custom is an act that has not been formally approved by the policymaker but that is so widespread to have the force of a rule or policy. See Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). The unconstitutional acts of an employee may be deemed to be the result of a custom or policy of the entity for whom the employee works, thereby rendering the entity liable under § 1983, under the following circumstances:

> The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the [entity] is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

---

[2] See Brandon v. Holt, 469 U.S. 464 (1985) (treating § 1983 action against city's director of police department as an action against the city where the city had notice); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability).

Natale, 318 F.3d at 584 (citations, internal quotation marks and footnotes omitted).

In this case, nothing alleged in the Complaint supports an inference that the conditions described by Plaintiff resulted from the execution of a policy or custom of Passaic County. Because the Passaic County Jail is not subject to suit under § 1983, because the facts set forth in the Complaint do not state a cognizable claim against Passaic County, and because Plaintiff names no individual defendants, the Complaint, as written, fails to state a cognizable federal claim upon which relief may be granted and will be dismissed.

However, the Court is mindful that a district court may not dismiss a pro se complaint with prejudice without either granting leave to amend or concluding that any amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 116 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115.  In this case, it is conceivable that Plaintiff may be able to show that Passaic County and/or an official at the jail violated Plaintiff's due process rights.  The dismissal of the Complaint will accordingly be without prejudice to the filing of an amended complaint.  If Plaintiff files an amended complaint within 45 days of the date of the entry of the Order accompanying this Opinion, then this Court will reopen the file in order to screen the amended complaint for dismissal.[3]

---

[3] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]. 6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

## IV.  CONCLUSION

The Court will grant Plaintiff's application to proceed in forma pauperis and dismiss the Complaint without prejudice to the filing of an amended complaint.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: July 24, 2007